**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CIVIL CASE NO.:_____**

ROSETTA WILLIAMS JONES,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

Defendant, Wal-Mart Stores East, LP, ("Defendant"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned action from the Circuit Court for the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida to this Court, and in support of removal, states as follows:

1.    Plaintiff, Rosetta Williams Jones ("Plaintiff") filed a Complaint against Defendant in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida styled: *Rosetta Williams Jones v. Wal-Mart Stores East*, LP, Case Number 2021-006756 CA 01 [09]. The Complaint was served upon the Defendant on April 9, 2021. *See* Verified Return of Service and Complaint, attached as **Composite Exhibit "A."**

2.    In the Complaint, Plaintiff, a citizen of Florida, claims that she has been damaged due to the negligence of the Defendant, a corporation organized pursuant to the laws of the State of Delaware, with its principal place of business in the State of Arkansas. *See Id*.

3.      The Complaint does not allege the damages sought other than to allege that the amount in controversy exceeds the $30,000 State of Florida Circuit Court jurisdictional minimum. *See Id.*

4.      However, on June 25, 2020, Plaintiff sent a time-limited Demand Letter to Defendant. *See* June 25, 2020, Demand Letter, attached as **Exhibit "B."**

5.      In the Demand Letter, Plaintiff describes in detail the accident, her injuries, medical treatment (including a lower back surgery), and ultimately demanded $100,000,000.00. *See Id.*

6.      Further, as part of the Demand Letter, Plaintiff enclosed her medical records and bills, indicated that her medical invoices amounted **to $356,218.84**. *See Id.*

7.      Defendant seeks removal to the United States District Court for the Southern District of Florida, because the citizenship of the parties, coupled with Plaintiff's Demand Letter, gives rise to diversity of jurisdiction pursuant to 28 U.S.C. § 1332.

## FEDERAL DIVERSITY JURISDICTION

8.      This is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

9.      A defendant may properly remove an action from state court and avail itself of the federal court system in any civil action for which the district courts of the United States have diversity jurisdiction pursuant to the provisions of 28 U.S.C. 1441.

### A.      Diversity of Citizenship.

10.      As noted *supra*, Plaintiff, now and at all times material to the Complaint, is and was a Florida citizen, domiciled in Miami-Dade County, Florida.

11.     Defendant is organized and exists pursuant to the laws of the State of Delaware, with its principal place of business in the State of Arkansas, and is therefore deemed to be a citizen of the State of Arkansas or the State of Delaware pursuant to 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

12.     Accordingly, there is diversity of citizenship between the parties as required for Removal.

**B.     <u>Amount In Controversy</u>.**

13.     Defendant, as the party invoking federal jurisdiction, carries the burden of "establish[ing] by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *E.S.Y., Inc. v. Scottsdale Insurance Company*, 217 F.Supp. 3d 1356, 1360 (S.D. Fla. 2015) (quoting *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014)). "To determine whether a defendant has met its burden, a court evaluates the defendant's notice of removal and evidence submitted by the parties," drawing reasonable deductions and inferences therefrom. *Id.*

14.     The focus of defendants' efforts is not whether the plaintiff is likely to secure an amount greater than $75,000.00, but rather, "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Id*. (emphasis in original).

15.     As set forth in paragraph 3 through 6, and incorporated herein, Plaintiff is seeking damages in excess of $75,000.00.

16.     In determining the amount in controversy, a district court should look to "the value of the relief being sought by Plaintiff in its complaint." *Viacom, Inc. v. Zebe*, 882 F. Supp. 1063,

1065 (S.D. Fla. 1995). Deciphering such value can be difficult because "a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint." *Lowery v. Alabama Power Co*., 483 F. 3d 1184, 1213 n.63 (11th Cir. 2007).

17.     Meeting this burden is helped by the fact that, when a "plaintiff's claim ... is specific and in a pleading signed by a lawyer, [it] deserves deference and a presumption of truth." *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). The court should "assume that plaintiff's counsel best knows the value of his client's case and ... that plaintiff's counsel understands that, because federal removal jurisdiction is in part determined by the amount of damages a plaintiff seeks, the counsel's choices and representations about damages have important legal consequences." *Id*. Accordingly, where a plaintiff claims a series of damages, she claims that she is entitled to each type of damage listed, and each of those claims "deserves defense and a presumption of truth." *Id.*

18.     District court judges should also "appraise the worth of plaintiffs' claims based on the nature of the allegations stated in their complaints." *See Roe v. Michelin North America, Inc*., 613 F. 3d 1058, 1062-63 (11th Cir. 2010).

19.     For example,  in *Roe*, the Court found that where the complaint lacked a specific damage request, "the plaintiff's allegations -- that her slip and fall resulted in severe physical injury, lost wages, lost enjoyment of life, and pain and suffering -- appeared to comprise a claim worth more than $75,000." *Id*.

20.     It is well-settled Federal precedent that the Court can consider a Plaintiff's demand letter, to determine if the threshold is met.

21.     In order to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the demand letter must contain an "honest assessment" of the damages claimed. *See Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d at 1360 (M.D. Fla. 1998); *see also Cross v. Wal-Mart Stores, East, LP*, Civil Action No. 7:11–cv–21 (HL), 2011 WL 976414, at *2 (M.D. Ga. March 17, 2011) ("More weight should be given to a settlement demand if it is an honest assessment of damages.").

22.     Courts have found that such an "honest assessment" exists where the demand letter "provide[s] specific information ... to support [the plaintiff's] claim for damages," *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quotations omitted); there is a "detailed accounting of [the plaintiff's] injuries, medical treatments, prognosis, and future expenses," *Crutchfield v. State Farm Mut. Auto. Ins. Co.*, No. 6:12–cv–1656–Orl–37GJK, 2013 WL 616921, at *2 (M.D. Fla. February 19, 2013), the "demand package ... is based on medical records provided by the Plaintiff," *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129, at *5 (S.D. Fla. June 1, 2009), or where the demand letter "delineates the extent of [the plaintiff's] injuries, the physicians who have treated her, and the medical care she received from each of those physicians." *Wilson v. Target Corp.*, No. 10–80451–CIV, 2010 WL 3632794, at *4 (S.D. Fla. September 14, 2010).

## C.    The Procedural Requirements For Removal Are Satisfied

23.     This Notice has been filed within 30 days of Defendant having adequate notice of a basis for removal and less than one year has passed since the filing of the original Complaint, as such this request for removal is timely.

24.     As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Ace (including Plaintiffs Complaint) are attached as **Composite Exhibit "A."**

25.     Written Notice of the filing of this notice has been furnished to Plaintiff, and a copy of this Notice has been filed with the Clerk of the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida.

26.     Therefore, and for the reasons stated above, all the requirements for diversity jurisdiction, pursuant to 28 U.S.C. 1332(c)(1), have been met in that complete diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy exceeds the jurisdictional threshold. Thus, it is proper for this Court to exercise subject matter jurisdiction over this action.

WHEREFORE, Defendant, WAL-MART EAST, LP, respectfully requests this Court to assume original jurisdiction and grant this Notice for Removal.

**(CERTIFICATE OF SERVICE ON FOLLOWING PAGE)**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via

Electronic Mail, to all counsel of record listed on the attached Service List, this 30th day of April,

2021.

LUKS,  SANTANIELLO,  PETRILLO  &
COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901


By: _____/s/ Luis Menendez-Aponte_____
LUIS  MENENDEZ-APONTE
FLB:772771
LUKSFLL-Pleadings@LS
Law.com


## <u>SERVICE LIST</u>

**<u>Attorneys for Plaintiff</u>**
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**ROSETTA WILLIAMS JONES**,                    CASE NO:

     Plaintiff,

v.

**WAL-MART STORES EAST, LP**,

     Defendant.

_____/

<u>**COMPLAINT**</u>

     **COMES NOW**, the Plaintiff, **ROSETTA WILLIAMS JONES**, by and through the undersigned counsel, sues the Defendant, **WAL-MART STORES EAST, LP**, and alleges as follows:

<u>**JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES**</u>

     1.    This is an action in excess of THIRTY THOUSAND DOLLARS ($30,000.00) and within the jurisdiction of this Court.

     2.    At all times material hereto, upon information and belief, the Plaintiff, **ROSETTA WILLIAMS JONES**, was a resident of Miami-Dade County, Florida, and is *sui juris*.

     3.    That all times material hereto, upon information and belief, the Defendant, **WAL-MART STORES EAST, LP**, was and still is a Foreign Limited Partnership authorized and doing business in the State of Florida, that:

         a.   owned a premises located at 5851 NW 177th Street, Hialeah, FL 33015;

         b.   maintained a premises located at 5851 NW 177th Street, Hialeah, FL 33015;

         c.   managed a premises located at 5851 NW 177th Street, Hialeah, FL 33015;

d.  possessed a premises located at 5851 NW 177th Street, Hialeah, FL 33015; and/or

e.  exercised control over a premises located at 5851 NW 177th Street, Hialeah, FL 33015;

4.  Venue is proper in Miami-Dade County, Florida because the incident, which is the subject of this Complaint, occurred in Miami-Dade County, Florida.

5.  That on or about December 21, 2019, the Plaintiff, **ROSETTA WILLIAMS JONES**, was a business invitee present on the aforesaid premises when she sustained serious bodily injuries after slipping and falling on water allowed to build up on Defendant **WAL-MART STORES EAST, LP**'s premises.  Upon information and belief, said fall was caused by rain water tracking in from the outside that had puddled and accumulated in a hallway entrance to the Walmart Auto Center area of Defendant's property, which Defendant permitted to remain on the subject area and did not make efforts to clean or mitigate the risks of.

### COUNT I - NEGLIGENCE AGAINST WAL-MART STORES EAST, LP

6.  The Plaintiff, **ROSETTA WILLIAMS JONES**, adopts and re-alleges paragraphs 1–5, as if they were reproduced herein, and further alleges:

7.  That at the time the Plaintiff was injured, Defendant, **WAL-MART STORES EAST, LP**, owed the Plaintiff a legal duty of reasonable care in maintaining the premises in a reasonably safe condition, free from transitory foreign object or substances that might foreseeably give rise to injury or damage to the Plaintiff.

8.  Moreover, Defendant, **WAL-MART STORES EAST, LP**, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's premises.

9.      Furthermore, Defendant owed Plaintiff a duty of reasonable care to act as a reasonably prudent person as to not cause harm or damage to those individuals within the foreseeable zone of risk.

10.     Nevertheless, Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff **ROSETTA WILLIAMS JONES** by the following:

   a. carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of a foreign object or substance on the grounds of the premises that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   b. carelessly and negligently failing to inspect the grounds of the premises for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   c. carelessly and negligently failing to maintain the grounds of the premises free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

   d. carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject floor that

3

Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises;

e. carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises; and/or

f. carelessly and negligently failing to act as a reasonably prudent person would as to not create unsafe and/or dangerous conditions that could foreseeably cause damage and/or injury to individuals within the foreseeable zone of risk.

11.     That as a direct and proximate result of the negligence of Defendant, **WAL-MART STORES EAST, LP**, the Plaintiff, **ROSETTA WILLIAMS JONES**, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future; suffered loss for the capacity for the enjoyment of life and/or incurred medical expenses for the care and treatment of her injuries.  Said injuries are permanent and are continuing in nature, and the Plaintiff will continue to suffer these losses and impairments in the future.

**WHEREFORE**, the Plaintiff, **ROSETTA WILLIAMS JONES**, prays for entry of a judgment against the Defendant, **WAL-MART STORES EAST, LP**, in an amount in excess of Thirty Thousand ($30,000.00) dollars, plus costs, and the Plaintiff further demands trial by jury of all issues in this cause so triable as a matter of right.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

**/s/ Balu Sajeevan**
Balu Sajeevan, Esquire
Florida Bar No: 1008847
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: balu@fenstersheib.com
Secondary: bs-pleadings@fenstersheib.com

## RETURN OF SERVICE

| State of Florida | County of MIAMI-DADE | 11th Civil Court |
| --- | --- | --- |

Case Number: 21-006756-CA-01

Plaintiff:
**ROSETTA WILLIAMS JONES**

vs.

Defendant:
**WAL-MART STORES EAST, LP**

For:
BALU SAJEEVAN
FENSTERSHEIB LAW GROUP,P.A.
520 WEST HALLANDALE BEACH BLVD.
HALLANDALE BEACH, FL 33009

Received by Pineiro Process Servers & Court Couriers on the 8th day of April, 2021 at 2:36 pm to be served on **WAL-MART STORES EAST, LP Registered Agent: CT CORP, 1200 S. PINE ISLAND RD., PLANTATION, FL 33324.**

I, Susan Pineiro, do hereby affirm that on the **9th day of April, 2021** at **11:10 am, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **SUMMONS, COMPLAINT, INTERROGATORIES TO DEFENDANT, REQUEST FOR PRODUCTION TO DEFENDANT, REQUEST FOR ADMISSIONS TO DEFENDANT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** as **SPECIALIST AT R/A** at the address of: **1200 S. PINE ISLAND RD., PLANTATION, FL 33324**, who stated they are authorized to accept service for **WAL-MART STORES EAST, LP**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing instrument and the facts stated in it are true. Pursuant to F.S. 92.525(2). Notary not required.

**Susan Pineiro**
SPS#1065

**Pineiro Process Servers & Court Couriers**
**7036 S.W. 23 Street**
**Davie, FL 33317**
**(954) 560-1052**

Our Job Serial Number: SDP-2021001688

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 124291856 E-Filed 04/05/2021 10:30:57 AM

**ROSETTA WILLIAMS JONES,**

      Plaintiff,

v.

**WAL-MART STORES EAST, LP,**

      Defendant.

_____/

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE
COUNTY, FLORIDA

CASE NO: 21-006756 CA 01 (09)

4/9
11/10

DONNA
moch
specialist

# <u>SUMMONS</u>

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the Said State:

      YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**WAL-MART STORES EAST, LP**
Registered Agent: C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

      Each defendant is required to serve written defenses to the Complaint or Petition on Balu Sajeevan, Esquire of the FENSTERSHEIB LAW GROUP, P.A., at 520 West Hallandale Beach Blvd., Hallandale, Florida, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the Defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

      WITNESS my hand and the Seal of this Court.    4/5/2021

                                As clerk of Said Court:

SDP
1065

BY: 
308780

1

**ROSETTA WILLIAMS JONES**,

    Plaintiff,

v.

**WAL-MART STORES EAST, LP,**

    Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 21-006756 CA 01 (09)

# SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the Said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**WAL-MART STORES EAST, LP**
Registered Agent: C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

    Each defendant is required to serve written defenses to the Complaint or Petition on Balu Sajeevan, Esquire of the FENSTERSHEIB LAW GROUP, P.A., at 520 West Hallandale Beach Blvd., Hallandale, Florida, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the Defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the Seal of this Court.    4/5/2021

As clerk of Said Court:

BY: _____



1

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

**ROSETTA WILLIAMS JONES**,

    Plaintiff,

v.

**WAL-MART STORES EAST, LP,**

    Defendant.

_____/

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 21-006756 CA 01 (09)

# SUMMONS

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of the Said State:

    YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**WAL-MART STORES EAST, LP**
Registered Agent: C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

    Each defendant is required to serve written defenses to the Complaint or Petition on Balu Sajeevan, Esquire of the FENSTERSHEIB LAW GROUP, P.A., at 520 West Hallandale Beach Blvd., Hallandale, Florida, within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the Defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

    WITNESS my hand and the Seal of this Court.

As clerk of Said Court:

BY: _____

1

## **IMPORTANTE**

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera.  Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## **IMPORTANT**

Des poursuites judicares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal.  Un simple coup de telephone est insuffisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**ROSETTA WILLIAMS JONES**,                    CASE NO:

    Plaintiff,

v.

**WAL-MART STORES EAST, LP**,

    Defendant.

_____/

### INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST, LP

**COMES NOW** the Plaintiff, **ROSETTA WILLIAMS JONES**, by and through their undersigned counsel, and hereby propounds the attached interrogatories to the Defendant, **WAL-MART STORES EAST, LP**, requesting said Defendant to answer same under oath, in writing, within the time and manner prescribed by the Florida Rules of Civil Procedure.

[CONTINUED ON THE FOLLOWING PAGE]

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along

with the Summons and complaint on the Defendant.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

**/s/ Balu Sajeevan**
Balu Sajeevan, Esquire
Florida Bar No: 1008847
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: balu@fenstersheib.com
Secondary: bs-pleadings@fenstersheib.com

2

# INTERROGATORIES TO DEFENDANT, WAL-MART STORES EAST, LP

## DEFINITIONS

(a) The word "you," "yours" and/or "yourselves" mean Defendant **WAL-MART STORES EAST, LP** and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Defendant, **WAL-MART STORES EAST, LP**.

(b) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitations."

(c) "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

(d) The word "document" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape records.

(e) "Agent" shall mean: any agent, employee, officer, directory, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(f) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

(g) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

(h) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

(i) The term "action" shall mean the case entitled **ROSETTA WILLIAMS JONES v. WAL-MART STORES EAST, LP**, pending in this Court.

(j) The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, include (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## **INSTRUCTIONS**

If you object to fully identifying a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Fla. R. Civ. P. 1.280(b)(5), unless divulging the information would disclose the privileged information:

(1) the nature of the privilege claimed (including work product);

(2) if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

(3) the date of the document, electronically stored information or oral communication;

(4) if a document: its type (e.g. letter or memorandum) and, if electronically stored information, the software application used to create it (e.g. MS Word or MS Excel Spreadsheet), and the custodian, located, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

(5) if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

(6) the general subject matter of the document, electronically stored information or oral communication.

1.      What is your name, address and if you are answering for someone else, your official position?

2.      Describe any and all policies of insurance which you contend cover or may cover or provide a defense to you for the allegations set forth in Plaintiff's Complaint or inure to the benefit of Plaintiff (for example medical payments), detailing as to such policies the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability and other applicable coverage, the name and address of the custodian of the policy, and any policy defenses known or asserted.

3.      Describe in detail how the incident described in the Complaint happened, including all actions taken by you, your agents or employees to prevent the incident.  This specifically includes but is not limited to a concise statement of the facts as to how you contend the Plaintiff's accident took place, including why you think the Plaintiff fell.

4.      Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

5.      State the facts upon which you rely for each affirmative defense in your answer. If you contend that the Plaintiff was wearing inappropriate footwear, protective gear or similar clothing, please state the legal basis for your assertion and identify both the facts to support your assertion and all other appropriate clothing.

6.      Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity for your contention.

7.      List the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which of the witnesses has knowledge. For each, please also state their job description or relationship to you, if any.

8.      Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

9.      State the name and address of every person known to you, your agents, or attorney who has knowledge about, or possession, custody, or control of any model, plat, map, drawing, motion picture, video tape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was take or prepared.

10.     Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness, the name and business address of the witnesses, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion.

11.     Have you made an agreement with anyone that would limit a party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

12.      Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit, arbitration, or administrative proceeding involving personal injuries or involving a matter related to a source of transient foreign substances or objects on your premises other than the present matter, and if so, state whether you were plaintiff (claimant) or defendant, the nature of the action, and the date and tribunal in which such suit or proceeding was filed.

13.     Identify sufficiently to enable discovery, the date, method and substance of any written or oral notice defendant received of the incident which is the subject matter of this action. Attach a copy of any accident report form made in the normal course of business.

14.     Identify the owners and lessees of the premises at the time of the incident, giving the name and current address of each and state the date of incorporation, if applicable.

15.     Give the full name and current address of both those persons who were responsible for management or control of the premises at the time of the incident complained of and those who currently have custody of any records relating to management of the premises at such time.

16.     Describe the location where the Plaintiff was injured including the name or designation, the flooring or surface material, the lighting, physical dimensions and last material repairs or renovations prior to the incident, including, but not limited to the area where the Plaintiff fell.

17.     State the date and nature of any complaint, warning or other notice defendant or defendant's agents received concerning a dangerous or defective condition or foreign object at the location of the incident prior thereto. Attach a copy of any written complaint, warning or other notice.

18.     Identify the date, method and personnel making an inspection which took place prior to the incident to determine whether the area, when Plaintiff was injured, was in a safe condition.

19.     Identify the date, names and current addresses of persons and the findings of any inspections made of the location subsequent to the incident. This specifically includes but is not limited to a description of any transient foreign substance located near where Plaintiff fell or any other possible cause of Plaintiff's fall as alleged in the Complaint including but not limited to its size, color, consistency, texture, possible source(s) and common name or description.

20.     Describe any markings at the area and any warnings to the Plaintiff including the date, nature and persons who made them.

21.     For each safety device, including but not limited to cones, garbage cans, barrier, and non-skid surface, in use at the time of the incident, state its descriptions, location and purpose. Please include when such device(s) were installed and who installed them.

22.     Describe all maintenance procedures and identify the maintenance contractor or in-house maintenance supervisor at the time of the incident.

23.     For each repair, replacement, alternation or safety precaution made subsequent to and in the area of the alleged incident, state the date, description, reasons and name, current address and occupation of the person who made it.

24.     Give a concise statement of the facts as to how you contend the Plaintiff's accident took place, including why you think the Plaintiff fell, and any act or omissions on the part of the Plaintiff which you contend contributed to cause the accident.

25.     Please list the names, addresses and employees of all persons who were present on December 21, 2019 at the time of the incident at the property where the subject incident took place, whether they witnessed the incident or not, including the individual who were at the premises of Defendant **WAL-MART STORES EAST, LP**.

26.     Please state the name and address of the person or persons with the most knowledge of all persons employed by Defendant **WAL-MART STORES EAST, LP**, who may have been at the subject property where the incident described in the complaint occurred on December 21, 2019.

27.     For each prior accident which occurred, or had been alleged to have occurred on your premises in the same area as or in similar manner to the incident (slip/trip, fall-down incidents), state information sufficient to identify it, such as date, name and last known address of persons involved, description of incident, and identify and related lawsuit.

28.     Is the Defendant properly named in the Complaint?

   a.   If you answer is no, please state the exact name of the Defendant as it should appear in the Complaint. (This question is being asked simply to name the Defendant properly in the Complaint and is in no way asking the Defendant to admit negligence or imply that the Defendant is negligent).

29.     For each matter in Plaintiff's Request for Admissions served concurrently herewith, except those to which you responded with an unequivocal admission, please state each and every fact upon which you base said response, identify each and every writing, document, recording, photograph or other tangible thing, that you contend supports said response, and identify each and

every person that you contend has knowledge of any fact on which you contend supports said response and set forth each person's last known address and telephone number.

30.     Are you aware of any incident other than the accident that is the subject of this litigation in which the Plaintiff was or might have been injured? If yes, please state the nature, date(s) and place(s) of all such incidents, the injuries allegedly sustained therein, the names and addresses of all witnesses with any knowledge concerning each such incident, and describe with particularity any and all records, documents or things in your possession or control that relate or refer to each such incident.

_____

Authorized Representative for

**WAL-MART STORES EAST, LP**

STATE OF FLORIDA       )
                       ) ss.

COUNTY OF _____ )

       BEFORE ME personally appeared _____ who after being

duly sworn says that the above and foregoing Answers to Interrogatories are true and correct.

       The foregoing instrument was acknowledged before me this ___ day of _____,

2021, by _____, who is personally known to me or who has

produced the following identification _____, as identification and

who did not take an oath.

_____

NOTARY PUBLIC

Print Name: _____

My Commission expires:

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

**ROSETTA WILLIAMS JONES**,

    Plaintiff,

v.

**WAL-MART STORES EAST, LP**,

    Defendant.

_____/

CASE NO:

## REQUEST FOR ADMISSIONS

    **COMES NOW** the Plaintiff, **ROSETTA WILLIAMS JONES**, by and through the undersigned counsel, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and hereby requests that Defendant, **WAL-MART STORES EAST, LP**, admit or deny the truth of the following statement(s), considering that these requests are intended to limit the issues at trial and should the Plaintiff prove any statement stated below not admitted by the Defendant, that the Plaintiff shall seek attorneys fees and costs incurred in proving the statement, and further recognizing that a response is due within forty five (45) days of the propounding of these requests as certified in the certificate of service as indicated below and the failure of Defendant to make a response within forty five (45) days of the propounding of these requests shall entitle the Plaintiff to deem the statements admitted. The definition of "subject incident" is the accident that is described in the current complaint filed by the Plaintiff. "You" means the Defendant, its agents and employees. THEREUPON, do you ADMIT or DENY:

1.     You were properly named in the Complaint.

2.     Venue is appropriate.

3.      The Court has jurisdiction over the parties.

4.      You are the appropriate party to the case based on the allegations contained in the Complaint.

5.      The Plaintiff, **ROSETTA WILLIAMS JONES**, herein was not negligent in causing the incident alleged in the Complaint.

6.      That Plaintiff, **ROSETTA WILLIAMS JONES**, suffered a permanent injury as a result of the incident which is the subject of this lawsuit.

7.      That the Plaintiff, **ROSETTA WILLIAMS JONES**, was injured in the incident which is the subject of this lawsuit.

8.      At all times material hereto, you leased, rented, possessed, controlled, designed, and/or owned all or part of the premises located at 5851 NW 177th Street, Hialeah, FL 33015.

9.      You owed a duty of reasonable care to maintain your premises in a reasonably safe condition for the safety of business invitees on the premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury or damage.

10.     On or about December 21, 2019, the Plaintiff, **ROSETTA WILLIAMS JONES**, was your business invitee at your premises located at 5851 NW 177th Street, Hialeah, FL 33015.

11.     Plaintiff, **ROSETTA WILLIAMS JONES**, fell on or about December 21, 2019 on your premises.

12.     You did not conduct regular inspections of your premises.

13.     You did not conduct inspections of your premises more frequently than every hour.

14.     You did not conduct inspections of your premises more frequently than every half-hour.

15.     You did not conduct inspections of your premises more frequently than every 10 minutes.

16.     The condition set forth in the Complaint to wit: the transient foreign substance on the floor of your store, was created as a result of your acts and/or omissions.

17.     You allowed a transient foreign substance to exist on your premises so that Plaintiff fell.

18.     The negligent conditions were known to you or had existed for a sufficient length of time so that defendant should have known of them.

19.     You failed to warn Plaintiff, **ROSETTA WILLIAMS JONES**, of the aforesaid, dangerous and unsafe conditions.

20.     You did not provide any warnings to Plaintiff, **ROSETTA WILLIAMS JONES**, with respect to any conditions on your premises on December 21, 2019.

21.     A transient foreign substance was on the floor or your premises near the area where Plaintiff fell within the minute before he contends that she fell.

22.     A transient foreign substance was on the floor or your premises near the area where Plaintiff fell after he contends that she fell.

23.     You cleaned up a transient foreign substance after Plaintiff contends he fell.

24.     On the date and at the time of the incident alleged in the Complaint, Plaintiff, **ROSETTA WILLIAMS JONES**, fell as a result of a transient foreign substance.

25.     At the date and time of the incident alleged in the Complaint, there was a recording device, whether still or showing motion, capable of visually reproducing the location of the incident alleged in the complaint.

26.     You have a visual recording, whether still or showing motion, of Plaintiff, **ROSETTA WILLIAMS JONES**, on the date and time of the incident alleged in the Complaint.

27.     You have a visual recording, whether still or showing motion, of Plaintiff, **ROSETTA WILLIAMS JONES**, after the day of the incident alleged in the Complaint.

28.     All recordings of the Plaintiff made by you, if any, remain available to you.

29.     Plaintiff incurred medical expenses as a result of the fall which is the subject of this lawsuit.

30.     You are not being defended in this case pursuant to a reservation of rights

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along with the Summons and complaint on the Defendant.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

**/s/ Balu Sajeevan**
Balu Sajeevan, Esquire
Florida Bar No: 1008847
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: balu@fenstersheib.com
Secondary: bs-pleadings@fenstersheib.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR     MIAMI-DADE     COUNTY,
FLORIDA

**ROSETTA WILLIAMS JONES**,                      CASE NO:

     Plaintiff,

v.

**WAL-MART STORES EAST, LP**,

     Defendant.

_____/

### REQUEST FOR PRODUCTION TO DEFENDANT WAL-MART STORES EAST, LP

     **COMES NOW** the Plaintiff, **ROSETTA WILLIAMS JONES**, by and through their

undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, and

hereby propounds upon Defendant, **WAL-MART STORES EAST, LP**, the instant Request for

Production as follows:

     1.     Any and all policies of insurance, including any and all primary, umbrella and

excess policies, which cover or may cover the Defendant or Plaintiff for any or all of the allegations

set forth in the Complaint filed in this case.

     2.     All insurance policies in full force and effect on the date of the accident, incident

or event that is the subject matter of this lawsuit under which the Plaintiff(s) is or might be eligible

to receive, medical, health, hospital, accident, disability, sickness, social security, worker's

compensation, income disability, wage continuation and/or other similar benefits.

     3.     Any and all writings, recordings, tapes, videos, records, memoranda, notes, or other

material in the care, custody, possession or control of the Defendant or the Defendant's attorneys,

investigators, agents, representatives, servants or employees reflecting statements, including but

not limited to those described in Fla. R. Civ. P 1.280, made by the Plaintiff or Plaintiff's employees or agents regarding any of the issues in this case.

4.     Any and all writings, records, memoranda, notes, or other material in the care, custody, possession or control of the Defendant(s) or the Defendant(s) attorneys, investigators, agents, representatives, servants or employees reflecting statements, including but not limited to those described in Fla. R. Civ. P 1.280, made by any and all witnesses regarding any of the issues in this case.

5.     Any and all photographs taken by or on behalf of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees which are in any manner related to the subject matter of this lawsuit. This request includes, but is not limited to, any and all photographs depicting the scene of the incident or event that is the subject matter of this lawsuit, and photographs taken of the Plaintiff. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

6.     Any and all movies, motion pictures, videotapes or reproductions of the accident, incident or event that is the subject matter of this lawsuit taken by or on behalf of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees which are in any manner related to the subject matter of this lawsuit. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

7.     Any and all movies, motion pictures, videotapes or reproductions taken at, on, near, from, around, or inside the premises set forth in the Complaint from two hours before to two hours after the accident, incident or event that is the subject matter of this lawsuit. This request specifically includes all recordings of your store and premises videorecording system and requests the highest possible resolution and individual camera recordings as well as multiple cameras on a single screen. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape, then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

8.     Your policies, procedures, guidelines, equipment manuals and all other documentation regarding your videorecording system, your use thereof and the preservation and retention of images recorded thereon.

9.     Any and all photographs, movies, motion pictures, slides, films, videotapes, audiotapes, records, reports and other writings or recorded representations relating in any way to any surveillance conducted on the Plaintiff by the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees. If the original was taken digitally, then a copy of the actual digital file(s) is requested on compact disc or DVD. If the original was taken on film, both a photographic quality print and the negatives are requested to be produced. If the original source was a non-digital tape. then a copy of the tape is requested. If the original source was lost, damaged or destroyed, please state same and provide a color laser copy of whatever remains in your possession.

10.    Any charts, drawings, graphs, diagrams or other documentary evidence involving the subject matter of this lawsuit which are expected to be offered as evidence at the time of trial.

11.    Any and all medical records, reports, opinions, or other writings in the care, custody, possession or control of the Defendant or the Defendant's attorneys, investigators, agents,

representatives, servants or employees, received from doctors, physicians, nurses, other health care providers or anyone else who saw, examined, or rendered care or treatment to the Plaintiff(s) or from any hospitals where the Plaintiff(s) was/were seen, examined or treated for injuries or conditions that were or may have been sustained as a result of the accident, incident or event that is the subject of this lawsuit. This request does not include any records provided directly from Plaintiff.

12.    Any and all other medical reports, opinions, or other writings in the care, custody, possession or control of the Defendant or the Defendant's attorneys, investigators, agents, representatives, servants or employees, from doctors, physicians, nurses, other health care providers or anyone else who saw, examined, or rendered care or treatment to the Plaintiff(s) or from any hospitals where the Plaintiff(s) was/were seen, examined or treated for injuries or conditions not related to the accident, incident or event that is the subject of this lawsuit. This request does not include any records provided directly from Plaintiff.

13.    Any and all reports prepared by experts who are expected to testify at the trial of this cause.

14.    For each expert whom you expect to call as an expert witness at the trial of this cause, copies of any and all factual information or data supplied to or relied upon by the expert, copies of any and all textual material, including, but not limited to, treatises, periodicals, books, dissertations, pamphlets, journals and other writings on which the expert will or is anticipated to rely or which the expert alleges supports any of his or her opinions, copies of any and all statutes, ordinances, codes, safety manuals, regulations, or other standards on which the expert will or is anticipated to rely, and copies of any and all records, evaluations, charts, graphs, photographs, movies. Motion pictures, slides, films, videotapes, audiotapes, reconstructions and other writings or recorded representations prepared or generated by or on behalf of the expert that relate in any way to the preparation or formulation of any of his or her opinions in this case, including but not

limited to all books, manuals, texts or other written or recorded materials referenced by you for the formulation of this opinion.

15.     Any and all contracts, leases, agreements or other writings relating in any way to any ownership interest in or right to control the property or any part thereof at the time of the incident or event that is the subject matter of this lawsuit by anyone other than the Defendant(s). This request includes any such documents related to the use of the property by any person or entity including but not limited to: food, beverage and other concessions.

16.     The maintenance, repair, housekeeping, janitorial and inspection records related to the area involved in the incident or any part thereof alleged herein from four years prior to the incident through one year following the incident.

17.     The maintenance, repair, housekeeping, janitorial and inspection records related to the premises from four years prior to the incident through one year following the incident.

18.     Documentation of any spot-check inspections irrespective of by whom it was done within three years before the date of the incident alleged in the Complaint to present.

19.     Any document regarding the inspection of the premises generally applicable within three years before the date of the incident alleged in the Complaint to present.

20.     Documentation of any inspections made of the location subsequent to the incident.

21.     Documentation of any inspections made of the location at the time of the incident.

22.     All documents pertaining to contractor(s) who performed, should perform or may perform maintenance, repair or inspections during the year of the incident.

23.     Any and all accident reports and/or incident reports relating in any way to the accident, incident or event that is the subject matter of this lawsuit.

24.     Any and all repair bills, contracts, estimates, and invoices and similar documentation relating to the Defendant **WAL-MART STORES EAST, LP** for the four (4) years preceding the incident or one year subsequent to the incident to correct the defect that caused the incident that is the subject matter of this lawsuit.

25.     Any citations and other reports or evidence of charges of any violation of law or code violations etc. the Defendants received as a result of the incident or event that is the subject matter of this lawsuit.

26.     All records, reports, forms or other written evidence of the disposition of any citations or charges of any violation of law or any code violation the Defendant received as a result of the accident, incident or event that is the subject matter of this lawsuit.

27.     Any and all claims indexes or similar documents relating to Plaintiffs accident and claims history.

28.     All written notices or correspondence of any alleged fall-down, trip/slip or fall incidents at this same location for the preceding four (4) years prior to this incident at issue.

29.     Any charts, drawings, graphs, blueprints, sketches, schematics, diagrams, planograms, or other documentary evidence involving the layout of your premises as alleged in the complaint during the month of the incident.

30.     Any documentation of the charges, fees, rebates or similar financial arrangements regarding the location of items on store shelves or displays within a 50 feet walk of the location of the incident alleged in the Complaint in effect during the month of the incident.

31.     Any and all repair bills, contracts, estimates, and invoices and similar documentation relating to the Defendant's premises for the four (4) years preceding the incident or one year subsequent to the incident to correct the defect that caused the incident that is the subject matter of this lawsuit.

32.     Any and all agreements the Defendant(s) has/have made with anyone that would limit that party's liability to anyone for any of the damages in this case.

33.     Any document regarding the design or layout of any properties/stores applicable within three years before the date of the incident alleged in the Complaint to present.

34.     All documents to any third party regarding or putting any third party on notice of any claims made by Plaintiff, whether indemnity or defense is sought or not.

35. All documents describing or related to any other slip and falls on transient foreign substances in the premises within three years before the date of the incident alleged in the Complaint to present.

36. All documents describing or related to any other slip and falls on transient foreign substances in any of your premises applicable within three years before the date of the incident alleged in the Complaint to present.

37. Job descriptions for each and every employee from District Manager down that worked in or supervised the premises from four years before the incident alleged in the Complaint to present.

38. Documents illustrating any safety devices available to employees in any of your properties, including but not limited to: warning devices, signs, cones, tapes. barricades, garbage cans, barriers, mats, and non-skid surfaces.

39. Any documents from third-parties regarding the design, layout, and compliance with any design, layout or instructions regarding same.

40. All documents pertaining to any bonus, incentive, compensation, benefit, penalty, disincentive, accident, claim, risk management or similar program related to citations, infractions, accidents or similar incidents at your company.

41. Any and all pleadings and discovery from any other lawsuit where you have been a defendant other than the present matter and which involved allegation of a fall involving the same or similar circumstances as alleged in the Complaint.

42. Any and all pleadings and discovery from any other lawsuit where you have been a defendant other than the present matter and which involved allegation of a slip and fall on a transient foreign substance in your premises within the past five years.

43. A company organizational flow chart.

44.     Any documents identifying or specifying the flooring or surface material in the area of the incident, as well as the lighting, physical dimensions and last material repairs or renovations prior to the incident.

45.     Any documents identifying or specifying the lighting in the area of the incident.

46.     Any documents identifying or specifying the physical dimensions of the area of the incident.

47.     Any documents of the last repairs and renovations prior to the incident in the area of the incident

48.     All manuals, videos, books, binders, charts, policies, procedures, rules, regulations, laws, suggestions, guidelines or similar direction relating to:

a.  Employee Training

b.  Safety

c.  Incident Investigation

d.  Lighting

e.  Property Layout & Design

f.  Inspections

g.  Maintenance or Repair

h.  Janitorial or Cleaning

i.  Shrinkage

49.     Any documentation of any employee meetings in the premises for the full or partial purpose of safety, including schedules, certificates of attendance, list of employees (attendance sheets), and material provided, covered or used in preparation therefore.

50.     Documentation of the proper legal name for the entity alleged in the Complaint, if not properly alleged.

51.     Any document you rely upon to support your denial of any Request for Admissions.

52.     Any and all accident reports, photographs, repair bills, estimates, medical bills and/or records, hospital bills and/or records, ambulance/fire department bills and/or records, CME/IME reports, recorded statements, and correspondence that relate or refer to any incident other than the subject collision, in which you contend that the plaintiff, was or might possibly have sustained personal injuries and/or property damage.

53.     Personnel files of each and every employee with knowledge of the incident alleged in the Complaint.

54.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the area, department or departments where Plaintiff was allegedly injured.

55.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the inspection of the area where Plaintiff was allegedly injured.

56.     Personnel files of each and every employee who worked on the day of the incident alleged in the Complaint and who had any responsibility for the maintenance of the area where Plaintiff was allegedly injured. This request includes maintenance in its broadest possible sense including: restocking, refreshing, and organizing in addition to cleaning, repairs and related maintenance.

57.     Time slips, punch cards and any other document pertaining to the hours worked by employees in the premises alleged in the Complaint during the seven days before and after the incident alleged in the Complaint. This should include the employees' names and departments or job codes.

58.     Invoices, contracts, and estimates for the painting work done to the area which would include the walkway where the incident occurred for the 5 years before the incident.

59.     Invoices, contracts, and estimates for the cleaning work to the area which would include the walkway where the incident occurred for the 5 years before the incident.

60.     Contracts for the painting work done to the area which would include the walkway where the incident occurred for the 5 years before the incident.

61.     Contracts for the cleaning work to the area which would include the walkway where the incident occurred for the 5 years before the incident.

62.     Invoices, contracts, and estimates for the paint that was used to paint the area which would include the walkway where the incident occurred for the 5 years before the incident.

63.     Inspection schedules for the area which would include the walkway where the incident occurred for the 5 years before the incident.

64.     Logs which would document maintenance performed on the walkway where the incident occurred for the 5 years before the incident.

65.     Logs which would document painting work performed the walkway where the incident occurred for the 5 years before the incident.

66.     Logs which would document the cleaning of walkway where the incident occurred for the 5 years before the incident.

67.     Written requests from Defendant or its affiliated companies for any maintenance work to the area which would include the walkway where the incident occurred for the 5 years before the incident. This request contemplates requests made to the property owner.

68.     Written requests from Defendant or its affiliated companies for any painting work to the area which would include the walkway where the incident occurred, for the 5 years before the incident. This request contemplates requests made to the property owner.

69.     Any and all documentation of bonuses, incentive compensation or similar programs for managers or employees of Defendant **WAL-MART STORES EAST, LP** that are in any way related to the outcome of this case or any other profit or loss.

70.     Any document permitting, authorizing, allowing or requiring any person or entity to act on behalf of Defendant in effect at the time of the incident alleged in the Complaint in connection with the maintenance, repair, or modification of said premises, including but not

limited to incurring expenses or debts related thereto. This request includes but is not limited to any rules, regulations. Bylaws, declarations, articles, power, job description, etc.

71.     Any document permitting, authorizing, allowing or requiring any person or entity to act on behalf of Defendant in effect at the time of any prior modifications or changes to the premises at or near where the incident took place within the past ten years, if any. This request includes but is not limited to any rules, regulations, bylaws, declarations, articles, power, job description, etc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served along with the Summons and complaint on the Defendant.

**FENSTERSHEIB LAW GROUP, P.A.**
520 West Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone:  (954) 456-2488
Facsimile:   (954) 867-1844

**/s/ Balu Sajeevan**
Balu Sajeevan, Esquire
Florida Bar No: 1008847
**Email Addresses for service Pursuant to Fla. R. Jud. Admin 2.516**
Primary: balu@fenstersheib.com
Secondary: bs-pleadings@fenstersheib.com

Case 1:21-cv-21672-XXXX   Document 1   Entered on FLSD Docket 04/30/2021   Page 46 of 93

WAL-35248M/6LL5867/DYS

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2021-006756 CA 01 [09]

ROSETTA WILLIAMS JONES,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.
_____ /

## DEFENDANT'S COLLATERAL SOURCE
## REQUEST TO PRODUCE TO PLAINTIFF ROSETTA WILLIAMS JONES

      Defendant, WAL-MART STORES EAST, LP, by and through undersigned counsel, and pursuant to Florida Rule of Civil Procedure Rule 1.350, hereby propound their Collateral Source Request for Production to Plaintiff, ROSETTA WILLIAMS JONES, produce and permit Defendant to inspect and photograph the following:

      1.     Copies of any and all notices and notifications of the Plaintiff's intent to claim damages from the alleged tortfeasor which have been sent to any and all collateral source providers pursuant to §768.76 (6) of the Florida Statutes, and any applicable hospital lien ordinance.

2.     Copies of any and all claims of lien, statements, correspondence or documentation received from all providers of collateral sources asserting or waiving any claim of subrogation or reimbursement pursuant to §768.76 (7) of the Florida Statutes, and any applicable hospital lien ordinance.

3.     Copies of any and all subrogation or reimbursement notices, policy provisions and claims of lien for all providers of collateral sources for medical treatment received by Plaintiff as a result of the incident that is the subject of this litigation.

4.     Any and all documentation establishing the amount of money and benefits paid by any and all collateral sources for medical treatment received by the Plaintiff as a result of the incident which is the subject of this litigation.

5.     Copies of any and all releases of hospital liens and satisfactions of hospital liens pertaining to the Plaintiff for any medical and chiropractic care rendered as an alleged result of the incident which is the subject of this litigation.

6.     Copies of any and all Complaints and Statements of Claim filed by any medical provider against the Plaintiff for any medical and chiropractic care which is alleged to have been rendered as a result of the incident which is the subject of this litigation.

7.     Copies of all drafts, checks, money orders and receipts showing payment by the Plaintiff of any hospital lien charges which are alleged to have been incurred as a result of the incident which is the subject of this litigation.

8.      Copies of any correspondence between the Plaintiff and any health care provider, including hospitals, pertaining to collection of accounts, payment of bills and liens and reimbursement/subrogation rights.

9.      Any and all Workers Compensation, TRICARE/Champus, Medicare, HRS Medicaid, Hospital liens, HMO notices, PPO notices, ERISA plan, health insurance, medical payment (Med Pay) and commercial PIP notices of subrogation and reimbursement rights pertaining to any health care (both medical and chiropractic) rendered to Plaintiff as an alleged result of the incident which is the subject of this litigation.

10.     Copies of any and all drafts and checks showing payment by any Workers Compensation carrier, TRICARE/Champus, Medicare, HRS Medicaid, health insurance, HMO, PPO, ERISA plan, Med Pay plan, any public program providing medical expenses and commercial PIP to Plaintiff and any health care provider (medical and chiropractic) for the benefit of the Plaintiff.

11.     Copies of any checks, drafts, documentation and correspondence sent by the Social Security Administration, motor vehicle accident insurer (including PIP), any federal, state or local income disability provider, any public program providing disability payments, and income disability insurer to the Plaintiff for any wage loss and loss, disability and loss of earning capacity payments made as an alleged result of the incident which is the subject of this action.

12.     Copies of any contract or agreement by any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services that pertain to the Plaintiff herein.

13.     Copies of any contractual or voluntary wage continuation plan and contract provided by Plaintiffs employer(s) or by any other system intended to provide wages during a period of disability.

14.     Copies of the Complaints in any lawsuit and arbitration concerning a dispute between any collateral source providers as defined in §768.76 and Plaintiff.

15.     Produce all Medicare Summary Notices (MSN), or any other notices, reports, statements, or other documents from any source that describe, total or reference any Medicare benefits that plaintiff has received from the date of the accident till the present.

16.     Produce a printout showing all benefits paid by Medicare for any and all services or supplies that your providers and suppliers billed through Medicare and are contained on your personal account history at www.mymedicare.gov.

17.     Produce all correspondences or other documents from CMS or any other source that describe, total or reference any liens on the claims raised in this case.

18.     A signed and executed copy of Social Security Administration Consent for Release authorization form SSA-3288, attached as **Exhibit "A"**.

19.     A signed and executed copy of Request for Social Security Earnings Information authorization form SSA-7050-F4, attached as **Exhibit "B"**.

20.     A signed and executed copy of Internal Revenue Service Request for Transcript of Tax Return authorization form 4506, attached as **Exhibit "C"**.

21.     A signed and executed copy of Consent to Release for Medicare authorization form, attached as **Exhibit "D"**.

22.     A signed and executed copy of Medicaid Healthcare Administration Authorization form, attached as **Exhibit "E"**.

23.     Produce all Medicare Summary Notices (MSN), or any other notices, reports, statements, or other documents from any source that describe, total or reference any Medicare benefits that plaintiff has received from the date of the accident till the present.

24.     Produce a printout showing all benefits paid by Medicare for any and all services or supplies that your providers and suppliers billed through Medicare and are contained on your personal account history at www.mymedicare.gov.

25.     Produce all correspondences or other documents from CMS or any other source that describe, total or reference any liens on the claims raised in this case.

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO & COHEN. If plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided**

CASE NO.:  2021-006756 CA 01 [09]

Page 6

**to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th

day of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901


By:____s/DENISE M. STOCKER_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DENISE M. STOCKER
Florida Bar No.: 0089244
LUKSFLL-Pleadings@LS-Law.com

## <u>SERVICE LIST</u>

### ***Attorneys for Plaintiff***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  21006756CA0109

ROSETTA WILLIAMS JONES,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ **/**

### **NOTICE OF SERVING COLLATERAL SOURCE INTERROGATORIES**

The Defendant, WAL-MART STORES EAST, LP, pursuant to Rule 1.340(e) and the

other applicable rules of the Florida Rules of Civil Procedure and Local Rules governing

practice, hereby files this Notice of Service of Interrogatories propounded to the Plaintiff,

ROSETTA WILLIAMS JONES, as follows:

      **TYPE OF INTERROGATORIES:** <u>COLLATERAL SOURCE</u>

      **NUMBER OF INTERROGATORIES:** <u>A through H</u>

The original of said interrogatories were electronically mailed to Plaintiff's counsel

and a true and correct copy of the foregoing Notice of Service of Interrogatories was filed

using the e-filing portal to the Clerk of the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th

day of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901


By:____s/DENISE M. STOCKER_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DENISE M. STOCKER
Florida Bar No.: 0089244
LUKSFLL-Pleadings@LS-Law.com

## SERVICE LIST

***Attorneys for Plaintiff***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

## COLLATERAL SOURCE INTERROGATORIES
## TO PLAINTIFF ROSETTA WILLIAMS JONES

1.   As a result of personal injuries you received in this accident, did you receive any payments or benefits from the following sources (check answer):

A.   The United States Social Security Act:

Yes _____          No ____

If Yes, answer 1 through 5:

1.   Amount of benefits received:

2.   Type of benefits (medical expense, lost income, etc.):

3.   Social Security office and address providing benefits:

4.   Claim number or file number:

5.   Social Security number:

B.   Any Federal, State or Local Income Disability Act:

Yes ____          No ____

If Yes, answer 1 through 4:

1.   Amount of benefits received:

2.      Type of benefits (medical expense, lost income, etc.):

3.      Name and complete address of government agencies or persons or organizations providing benefits:

4.      Claim number, social security number, policy number, file number or other records identification designation:

C.      Any other public programs providing medical expenses, disability payments, or other similar benefits:

Yes ____                    No ____

If Yes, answer 1 through 4:

1.      Amount of benefits received:

2.      Type of benefits (medical expense, lost income, etc.):

3.      Name and complete address of government agencies or persons organizations providing benefits:

4.      Claim number, social security number, file number or other records identification designation:

D.    Any health, sickness, or income disability insurance:

Yes ____              No ____

If Yes, answer 1 through 5:

1.    Amount of benefits received:

2.    Type of benefits (medical expense, lost income, etc.):

3.    Name and complete address of insurance carrier and address of servicing office:

4.    Claim number:

5.    Policy number:

E.    Any accident insurance that provides health benefits or income disability coverage (e.g., automobile personal injury protection benefits or medical payments coverage):

Yes ____              No ____

If Yes, answer 1 through 5:

1.    Amount of benefits received:

2.      Type of benefits (medical expense, lost income, etc.):

3.      Name and complete address of insurance carrier and address of servicing office:

4.      Claim number:

5.      Policy number:

F.      Any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the cost of hospital, medical, dental, or other health care services:

Yes ____                     No ____

If Yes, answer 1 through 4:

1.      Amount of benefits received:

2.      Type of benefits (medial expense, lost income, etc.):

3.      Name and complete address of group, partnership, corporation, or other person or organization providing such benefit or service:

4.      Claim number, social security number, policy number, file number or other records identification designation:

G.      Any contractual or voluntary wage continuation plan provided by your employer or any other person intended to provide wages during a period of disability:

Yes ____              No ____

If Yes, answer 1 through 4:

1.      Amount of benefits received:

2.      Type of benefits (medical expense, lost income, etc.):

3.      Name and complete address of provider and address of servicing office:

4.      Claim number, social security number, policy number, file number or other records identification designation:

H.      Any Workers' Compensation benefits or similar benefits provided by your employer or any other person or organization:

Yes ____              No ____

If Yes, answer 1 through 4:

1.      Amount of benefits received:

2.      Type of benefits (medical expense, lost income, etc.):

3.      Name and complete address of provider and address of servicing office:

4.      Claim number, social security number, policy number, file number or other records identification designation:

By: _____

Affiant – ROSETTA WILLIAMS JONES

STATE OF FLORIDA  )

                                ss.

COUNTY OF          )

        BEFORE ME the undersigned authority, personally appeared, _____, who after being duly sworn, deposes and says that the attached answers to collateral source interrogatories are true and correct. Sworn and Subscribed before me, this ____ day of _____, ___ by _____ who is personally known to me or who has produced _____ as identification.

NOTARY PUBLIC, State of Florida

_____

Signature of Notary Public

_____

Typed or Printed Name of Notary Public

My commission expires:

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

                              CASE NO.:  21006756CA0109

ROSETTA WILLIAMS JONES,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ /

## DEFENDANT'S CONTENTION
## REQUEST TO PRODUCE TO PLAINTIFF ROSETTA WILLIAMS JONES

COMES NOW, Defendant, WAL-MART STORES EAST, LP, by and through its Undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, and requests that Plaintiff, ROSETTA WILLIAMS JONES, produce and permit Defendant to inspect and photograph the following:

1.      Each and every document that support any of the allegations that "on or about December 21, 2019, the Plaintiff, ROSETTA WILLIAMS JONES, was a business invitee present on the aforesaid premises when she sustained serious bodily injuries after slipping and falling on water allowed to build up on Defendant WAL-MART STORES EAST, LP's premises" as set forth in Paragraph 5 of the Plaintiff's Complaint

2.      Each and every document that support any of the allegations that "at the time the Plaintiff was injured, Defendant, WAL-MART STORES EAST, LP, owed the Plaintiff a legal duty of reasonable care in maintaining the premises in a reasonably safe condition, free from transitory foreign object or substances that might foreseeably give rise to injury or damage to the Plaintiff" as set forth in Paragraph 7 of the Plaintiff's Complaint

3.      Each and every document that support any of the allegations that "Defendant, WAL-MART STORES EAST, LP, had a legal duty to warn the Plaintiff of any defects or unreasonably dangerous conditions on the Defendant's premises" as set forth in Paragraph 8 of the Plaintiff's Complaint

4.      Each and every document that support any of the allegations that "Defendant, by and through its agents, servants, and/or employees breached the aforesaid duty to Plaintiff ROSETTA WILLIAMS JONES by the following: a" as set forth in Paragraph 10 of the Plaintiff's Complaint

5.      Each and every document that support any of the allegations that "carelessly and negligently creating an unreasonably dangerous condition by permitting the existence of a foreign object or substance on the grounds of the premises that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises" as alleged in the Plaintiff's Complaint.

6.      Each and every document that support any of the allegations that "carelessly and negligently failing to inspect the grounds of the premises for the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises" as alleged in the Plaintiff's Complaint.

7.      Each and every document that support any of the allegations that "carelessly and negligently failing to maintain the grounds of the premises free from the existence of such unreasonably dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises" as alleged in the Plaintiff's Complaint.

8.      Each and every document that support any of the allegations that "carelessly and negligently failing to warn this Plaintiff, by sign or otherwise, as to the existence of said unreasonably dangerous conditions on the subject floor that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises" as alleged in the Plaintiff's Complaint.

9.     Each and every document that support any of the allegations that "carelessly and negligently failing to otherwise undertake reasonable efforts to repair and/or remedy any unreasonable dangerous conditions that Defendant had actual knowledge of, or should have known of, or had constructive knowledge of due to the length of time the dangerous condition existed or due to the regularity with which the dangerous condition occurs on the subject premises; and/or f" as alleged in the Plaintiff's Complaint.

10.     Each and every document that support any of the allegations that "carelessly and negligently failing to act as a reasonably prudent person would as to not create unsafe and/or dangerous conditions that could foreseeably cause damage and/or injury to individuals within the foreseeable zone of risk" as alleged in the Plaintiff's Complaint.

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO & COHEN. If plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th day

of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901

By:___s/DENISE M. STOCKER_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DENISE M. STOCKER
Florida Bar No.: 0089244
LUKSFLL-Pleadings@LS-Law.com

**<u>SERVICE LIST</u>**

***<u>Attorneys for Plaintiff</u>***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 21006756CA0109

ROSETTA WILLIAMS JONES,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ **/**

## **NOTICE OF SERVICE OF INTERROGATORIES**

TO:     ROSETTA WILLIAMS JONES

FROM:     WAL-MART STORES EAST, LP

     The Defendant pursuant to Rule 1.340(e) and the other applicable rules of the

Florida Rules of Civil Procedure and Local Rules governing practice, hereby files this Notice

of Service of Interrogatories propounded to the Plaintiff, as follows:

TYPE OF INTERROGATORIES: _____

NUMBER OF INTERROGATORIES: _____ 30

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th

day of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901


By:____s/DENISE M. STOCKER_____
     DANIEL J. SANTANIELLO
     Florida Bar No.: 860948
     DENISE M. STOCKER
     Florida Bar No.: 0089244
     LUKSFLL-Pleadings@LS-Law.com

### <u>SERVICE LIST</u>

***<u>Attorneys for Plaintiff</u>***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

## **GENERAL PERSONAL INJURY NEGLIGENCE**
## **INTERROGATORIES TO PLAINTIFF**

(If answering for another person or entity, answer with respect to that person or entity, answer with respect to that person or entity, unless otherwise stated)

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

      **ANSWER:**

2.    List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

      **ANSWER:**

3.    List all former names and when you were known by those names.  State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

      **ANSWER:**

4.    Describe in detail how the incident described in the Complaint happened, including all actions taken by you to prevent the incident.

      **ANSWER:**

5.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

**ANSWER:**

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the Complaint?  If so, what was the nature of the infirmity, disability, or sickness?

**ANSWER:**

7.      Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the Complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

**ANSWER:**

8.      Have you ever filed for either short-term or long-term disability?  If so, describe in detail the date(s) of said claim(s), the nature of disability claimed, and whether the claim was paid or denied.

**ANSWER:**

9.      Have you ever filed a claim for worker's compensation benefits in the past 10 years?  If so, describe in detail the date(s) of said claim(s), the nature of injury, and the name and address of your employer at the time of said claim(s).

**ANSWER:**

10.    Describe each injury to which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

**ANSWER:**

11.    List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint, giving for each item the date incurred, the name and subject address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:**

12.    Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

13.    Has anything been paid or is anything payable from any third party for the damages listed in your answers to these Interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

14.    List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

       **ANSWER:**

15.    List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

       **ANSWER:**

16.    List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

       **ANSWER:**

17.    Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

       **ANSWER:**

18.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

        **ANSWER:**


19.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

        **ANSWER:**


20.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

        **ANSWER:**


21.     Please state if you have ever been in any accidents or incidents of any kind in the past 10 years involving any personal injuries?  If so, state what type of injuries you suffered from as a result of the accident, when the accident occurred, if you filed a claim or suit and against whom you filed a claim or suit.

        **ANSWER:**


22.     Please list the name and address of all educational facilities or institutions you have attended, including the dates of attendance, and any degrees or certifications obtained.

        **ANSWER:**

23.    Please identify any and all claims you have made for personal injuries over the last fifteen years, including lawsuits, claims to insurance companies, worker's compensation claims or other matters seeking monies or compensation, including the name of the party contacted, the name of any attorney utilized, the dates of such claims and status of such claims?

**ANSWER:**

24.    Have you, in the last ten years, applied for any health, life or disability insurance?  If so, please identify each and every such insurance carrier, including the name and address of the insurance company, and if applicable, policy number, member number and dates?

**ANSWER:**

25.    Has any health care provider ever rendered an opinion that you suffered from a permanent disability or permanent impairment, whether or not from this case?  If so, please identify the name of the health care provider, address and approximate date the opinion was rendered?

**ANSWER:**

26.    Please identify by name and address each pharmacy at which you have had a prescription for medication filled for yourself in the past ten (10) years.

**ANSWER:**

27.    With regard to the area(s) of the body that you are claiming were injured in the accident described in the Complaint, please state whether or not you were ever treated by any doctor or hospital (including emergency room) or other health care provider for any problems in the same areas of your body before the accident.  For each such prior visit to any doctor, hospital or other health care provider, please state the name and address of each such doctor, hospital or health care provider, and the approximate date of each such visit.

**ANSWER:**

28.     Please list the number and service carrier associated with each cellular telephone used by the Plaintiff and/or registered in the Plaintiff's name (this includes all numbers registered to and/or used by the Plaintiff under a "family plan" or similar service) at both the time of the subject loss and currently.

        **ANSWER:**


29.     Did you ever serve in any branch of the US Military?  If so, describe in detail your branch of service, dates of service, military occupational specialty, date and type of discharge.

        **ANSWER:**


30.     Describe any and all accidents, dates of the accidents, location of the accidents in which you suffered personal injuries <u>after</u> the subject matter accident which is the subject matter of this lawsuit indicating what the injuries were and whether or not they were of a permanent nature.

        **ANSWER:**

By: _____

Affiant – ROSETTA WILLIAMS JONES

STATE OF FLORIDA  )

ss.

COUNTY OF          )

SWORN TO and SUBSCRIBED before me by _____, who is personally

known to me or has produced (_____) as identification and who did/did

not take an oath and verified that the foregoing Answers to Interrogatories are true and

correct.

DATED this _____ day of _____, ____.

NOTARY PUBLIC, State of Florida

_____

Signature of Notary Public

_____

Typed or Printed Name of Notary Public

My commission expires:

WAL-35248M/6LL5856/DYS

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2021-006756 CA 01 [09]

ROSETTA WILLIAMS JONES,

　　　　　Plaintiff,

vs.

WAL-MART STORES EAST, LP,

　　　　　Defendant.

_____ /

## DEFENDANT'S MEDICARE/MEDICAID
## REQUEST TO PRODUCE TO PLAINTIFF ROSETTA WILLIAMS JONES

COMES NOW, Defendant, WAL-MART STORES EAST, LP, by and through its
Undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, and requests that
Plaintiff, ROSETTA WILLIAMS JONES, produce and permit Defendant to inspect and
photograph the following:

1.　　　　Copy of Plaintiff's birth certificate.

2.　　　　Copy of Plaintiff's driver's license.

3.　　　　A copy of Plaintiff's social security card.

4.　　　　A copy of Plaintiff's medical health insurance claim number card.

5.　　　　Copies of any correspondence with (a) The Social Security Administration; (b) The
　　　　　Department of Health and Human Services; (c) The Centers for Medicare and
　　　　　Medicaid Services (OMB); (d) CMS' coordination of benefits contractor (COBS) (e)

CASE NO.:  2021-006756 CA 01 [09]
Page 2

Any state or federal agency regarding Medicare benefits or Social Security Disability Income (SSDI) payment.

6.      Any documents concerning Plaintiff that have been sent to or received from (a) The Social Security Administration; (b) The Department of Health and Human Services; (c) The Centers for Medicare and Medicaid Services (CMS); (d) CMS' coordination of benefits contractor (COBS); (e) Any state or federal agency regarding Medicare benefits or Social Security Disability Income (5501) payment.

7.      Any analysis of the future medical expenses which might be incurred by Plaintiff and which would be covered by medical benefits provided by Medicare, including, but not limited to, a Medicare Set Aside allocation (MSA).

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO & COHEN. If plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

CASE NO.:  2021-006756 CA 01 [09]

Page 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th

day of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901

By:____s/DENISE M. STOCKER_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DENISE M. STOCKER
Florida Bar No.: 0089244
LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

***Attorneys for Plaintiff***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

WAL-35248M/6LL5864/DYS

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2021-006756 CA 01 [09]

ROSETTA WILLIAMS JONES,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,

      Defendant.

_____ **/**

### **DEFENDANT'S FIRST REQUEST TO PRODUCE TO PLAINTIFF**

      Defendant, WAL-MART STORES EAST, LP, pursuant to Florida Rule of Civil Procedure 1.350, requests that Plaintiff, ROSETTA WILLIAMS JONES, produce and permit Defendant to inspect and photograph the following:

      1.    Any and all photographs, films or videotapes in your possession which depict or purport to depict the scene of the subject incident, and/or any aspect of the subject incident scene in this case. (Defendant will pay reasonable cost for two (2) reprints.)

      2.    Any and all photographs, films or videotapes in your possession which depict or purport to depict any aspect of Plaintiff's injuries herein. (Defendant will pay reasonable cost of two (2) reprints.)

3.      The shoes you were wearing at the time of the incident alleged in Plaintiff's Complaint.

4.      Copies of any letters of protection, or similar document(s), given by the Plaintiff or anyone acting on behalf of the Plaintiff, to any health care provider regarding the charges of the health care provider.

5.      Any and all medical records which relate to or concern the Plaintiff's injuries alleged in the Complaint as a result of the subject incident.

6.      Any and all medical bills, receipts or invoices which you contend support or tend to support your damage claims in this case arising from the subject incident.

7.      Any and all documents, articles, writings, correspondence, recordings or memoranda which Plaintiff contends support or tend to support any allegation set forth in the Complaint.

8.      Any and all written reports from any expert witness or consultant retained by the Plaintiff.

9.      Any and all Income Tax returns, W-2 forms, and/or 1099 forms, from the present time back seven (7) years.

10.     All written evidence of income earned in the year of the subject incident up to present.

11.     Driver's License of the Plaintiff (if no license, Florida Identification Card).

12.     Social Security card of the Plaintiff.

13. Any and all Marriage Licenses of Plaintiff.

14. Birth Certificate of the Plaintiff.

15. Third-Party health insurance card(s), Medicare card, Medicaid card, or other form of medical care provider(s).

16. A complete copy of any statements from providers of collateral source payments which assert a right to subrogation or reimbursement pursuant to §768.76(7) Fla. Stat.

17. Copies of any and all paperwork associated with any prior and/or contemporaneous lawsuits and/or claims.

18. Any and all Ordinances, Regulations, Rules, Statutes, customs and/or practices and written publications upon which the contentions set forth in your Complaint are based.

19. Copies of any and all documents, contracts, statements, correspondence or other materials regarding any assignment by Plaintiff, for any loans, advanced payments, or other monetary gain received by Plaintiff, or anyone on Plaintiff's behalf, from any non-party, based on the potential recovery of a settlement or judgment in this case.

20. Any and all Building Standards, local, state or Federal, which the Plaintiff maintains this Defendant violated at the time of the subject incident.

21. Any and all standards or regulations or recommended practices which the Plaintiff contends that this Defendant violated with respect to the subject incident.

22.     Any and all standards which the Plaintiff claims that the Defendant violated or breached which caused the subject incident.

23.     Any and all accident or incident reports generated from any prior accidents which the Plaintiff was involved in prior to the subject incident, including any prior slip and falls, automobile accidents, or other accidents or incidents.

24.     Any and all accident or incident reports generated from any subsequent accidents which the Plaintiff was involved in subsequent to the subject incident, including any slip and falls, automobile accidents, or other accidents or incidents.

25.     Any and all medical records from any physicians, doctors or hospitals who treated the Plaintiff as a result of the subject incident.

26.     Any and all reports and records of any physician for any treatment to the Plaintiff for three (3) years prior to the subject incident.

27.     Any and all hospital records, nurses' notes, doctors' notes, progress notes, radiology reports, MRI films, x-rays, MRI reports, mental health records, and medical bills for any accidents in which the Plaintiff was involved in **prior** to the subject incident.

28.     Any and all hospital records, nurses' notes, doctors' notes, progress notes, radiology reports, MRI films, x-rays, MRI reports, mental health records, and medical bills for any accidents in which the Plaintiff was involved in **subsequent** to the subject incident.

29.     Any and all records supporting a claim for lost wages and loss earning capacity as a result of the subject incident.

30.     Any and all applicable insurance policies.

31.     Copies of any and all agreements, including loan receipt agreements, settlement agreements, releases, or covenants not to sue, entered into by Plaintiff, or on Plaintiff's behalf, with any other Defendant, person, firm or corporation, whom you contend may have some liability exposure to the incident of which you complain.

32.     Copy of any military discharge papers, such as the standard DD Form 214 or state equivalent.

33.     Copy of any document from any insurance company, court, or SSA approving the plaintiff for disability benefits.

34.     A signed and executed copy of Social Security authorization form SSA-3288, attached as exhibit "A".

35.     A signed and executed copy of Social Security authorization form SSA-7050-F4, attached as exhibit "B".

36.     A signed and executed copy of Internal Revenue Service authorization form 4506, attached as exhibit "C".

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO & COHEN. If Plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

CASE NO.:  2021-006756 CA 01 [09]
Page 6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th  day

of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901


By:___s/DENISE M. STOCKER_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
DENISE M. STOCKER
Florida Bar No.: 0089244
LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

***Attorneys for Plaintiff***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

WAL-35248M/6LL5853/DYS

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  2021-006756 CA 01 [09]

ROSETTA WILLIAMS JONES,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____ /

## **DEFENDANT'S WAGE LOSS**
## **REQUEST TO PRODUCE TO PLAINTIFF ROSETTA WILLIAMS JONES**

COMES NOW, Defendant, WAL-MART STORES EAST, LP, by and through its Undersigned counsel, pursuant to Florida Rule of Civil Procedure 1.350, and requests that Plaintiff, ROSETTA WILLIAMS JONES, produce and permit Defendant to inspect and photograph the following:

1.    Any and all documents which support Plaintiff's claim for loss of future earning capacity.

2.    Any and all reports prepared by Plaintiff's expert witnesses regarding Plaintiff's claim for loss of future earning capacity.

3.    Any and all documents relied upon by Plaintiff's expert witnesses regarding Plaintiff's claim for loss of future earning capacity.

4.      Any and all documents which support and/or demonstrate the amount of lost wages claimed by the Plaintiff as a result of the subject accident.

It is hereby requested that the aforesaid production of copies be made and sent to the offices of LUKS, SANTANIELLO, PETRILLO & COHEN. If plaintiff offers to make such documents available for inspection only, **it is hereby requested that copies be provided to undersigned counsel and we will reimburse all reasonable or actual charges associated with said copies.**

CASE NO.:  2021-006756 CA 01 [09]

Page 3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Electronic Mail, to all counsel of record listed on the attached Service List, this 26th

day of April, 2021.

LUKS, SANTANIELLO,
PETRILLO & COHEN
Attorneys for Defendant
110 SE 6th Street
MIAMI, FL, 33130
Telephone: (305) 377-8900
Fax: (305) 377-8901

By:___s/DENISE M. STOCKER_____
  DANIEL J. SANTANIELLO
  Florida Bar No.: 860948
  DENISE M. STOCKER
  Florida Bar No.: 0089244
  LUKSFLL-Pleadings@LS-Law.com

**SERVICE LIST**

***Attorneys for Plaintiff***
Balu Sajeevan, Esq.
Fenstersheib Law Group, P.A.
520 West Hallandale Beach Blvd.
Hallandale Beach, FL 33009
balu@fenstersheib.com
bs-pleadings@fenstersheib.com

# EXHIBIT B

# FENSTERSHEIB LAW GROUP, P.A.

**Corporate Office & Correspondence Mail to:**

\* 10752 Deerwood Park Blvd
  Southwaterview II
  Jacksonville, FL 32256

\* 3505 Lake Lynda Drive Suite 200
  Orlando, FL 32817

\* Available by appointment only

**520 West Hallandale Beach Boulevard
Hallandale Beach, Florida 33009**

Broward   954.456.2488
Fax        954.456.2588
**1-800-Tell-Robert**

Email: SFL@fenstersheib.com
Website: www.tellrobert.com

\* 1990 Main Street Suite 750
  Sarasota, FL 34236

\* 8875 Hidden River Parkway
  Suite 300
  Tampa, FL 33637

\* 777 S Flagler Drive
  Suite 800
  West Palm Beach, FL 33401

June 25, 2020

## THIS IS A TWENTY (20) DAY TIME LIMITED DEMAND

**_Sent Via CC Mail: 7019 0700 0000 0600 6853_**
CMI
P.O. Box 14731
Lexington, KY 40512

Attention:      Jarrad Badders

Re:      Your Insured:        Walmart
         Claimant:            Rosetta Williams Jones
         Claim/Policy No.:    9043935
         Date of Accident:    December 21, 2019
         Our File No.:        37188

Mr. Badders:

As you may be aware, I represent Ms. Rosetta Williams Jones for injuries she sustained as a result of an incident which occurred on December 21, 2019.

This letter will serve as a formal demand package for settlement with regard to Ms. Rosetta Williams-Jones.  The enclosed materials are being furnished with the condition that they are not to be used if this matter is tried in a court of law.

To assist in a fair evaluation of this claim, I have enclosed important facts, liabilities and damages, medical records, medical reports and bills.

## **FACTS AND LIABILITY**

The operative facts of this incident indicate that on December 21, 2019, Ms. Williams Jones was an invitee on the premises of Walmart in Miami, Florida.  As Ms. Williams Jones was walking in to get her oil changes, she slipped and fell due to rain water which was tracked inside, accumulated and was negligently allowed to remain on the floor.  Video surveillance will show there were no caution signs, rugs, or receptacle in which to catch the water, as well as a highly worn surface area. A surface inspection report is included for your review. As a result, Ms. Williams Jones slammed down onto the floor. The manager on duty came over to assist Ms. Williams Jones off the ground. He then proceeded to place a rug on the floor where my client fell.

Photos of the scene taken after the incident will show that remedial measures were taken after my client fell. Your insured has since put up a large rug on the ground where Ms. Williams Jones slipped and fell.

Pursuant to settled common law, it is our contention that your insured failed to exercise ordinary care in keeping the subject premises reasonably safe for foreseeable users of the premises, such as my client. Further, your insured failed to properly warn and inspect the subject area where my client was injured.  In accordance with Florida Statute § 768.0755(b), we will be able to prove that your insured was on notice because of rain water which was tracked inside.  As a result of your insured's negligence, our client has suffered serious and severe injuries in and about her body which are ongoing in nature. She lives in constant excruciating pain and has undergone surgical intervention as a result of this incident.

2

07/02/2020

## <u>DAMAGES</u>

On December 23, 2019, Ms. Williams Jones visited Singer Health Center for chief complaints of neck pain, low back pain and left knee pain. Examination revealed decreased range of motion due to pain as well as spasms. After a complete examination, Ms. Williams Jones was diagnosed with:

1. **Acute post traumatic cervical sprain/strain**
2. **Acute post traumatic lumbar sprain/strain**
3. **Blunt trauma with traumatic synovitis of the left knee**

Ms. Williams Jones was placed on a therapy plan in which she treated up and until April 6, 2020.

On February 15, 2020, Ms. Williams Jones visited A1 Imaging of Aventura for a lumbar, cervical and left knee MRI which revealed:

- Lumbar:
  - o Fluid/edema soft tissue injury in the posterior soft tissues related to the accident
  - o L4-5 disc bulge
  - o L5-S1 left lateral disc herniation
- Cervical:
  - o Straightening of the normal cervical lordosis consisted with muscle spasm/strain related to the accident
  - o C5-6 disc herniation
  - o C6-7 disc bulge
- Left knee (2/20/2020):
  - o Tear of the posterior horn of the medial meniscus
  - o Tear of the posterior horn of the lateral meniscus

On February 20, 2020, Ms. Williams Jones visited Dr. Ross Sherban, DO for continued complaints of cervical pain with upper extremity radiculopathy, lumbar, as well as lower left extremity radiculopathy. She described her pain as aching, burning, sharp and sore. She rated her pain 8/10 despite the treatment she has received. After a complete examination and review of the MRI studies, Ms. Williams Jones was diagnosed with neck pain with upper extremity radiculopathy as well as back pain with left lower radiculopathy with L5-S1 lumbar disc herniation. Dr. Sherban recommended surgical intervention and Ms. Williams Jones consented.

**<u>On April 9, 2020, Ms. Williams Jones visited Lake Worth Surgical Center where she underwent the following surgical procedure, performed by Dr. Sherban:</u>**
1. **<u>Left hemi laminectomy L5-S1 with partial facetectomy and foraminotomy to decompress the bilateral L5 and S1 nerve roots and neuroplasty left S1 nerve root, lumbar plexus, open, left transfacet decompression L5-S1 to decompress the left L5-S1 foramen, in situ posterolateral fusion 1 level L5-S1 using DBM in the right posterolateral gutters as well as autograft</u>**
2. **<u>Interpretation of fluoroscopy</u>**
3. **<u>Use on intraoperative magnifying loupes</u>**

On April 15, 2020, Ms. Williams Jones visited Dr. Jesse Shaw, DO for her left knee pain. After an examination and review of the left knee MRI, Dr. Shaw recommended surgical intervention to repair her torn meniscus.

07/02/2020

## PRIOR MEDICAL HISTORY

Ms. Williams Jones' prior history is non-contributive. At the time of the incident which is the subject of this claim, Ms. Williams Jones was symptom free; the current medical problems Ms. Williams Jones is, and has been, suffering from are solely the result of this incident.

## ECONOMIC DAMAGES

Enclosed, please find the following:

1.  Report and Special in the amount of $4,785.00, from A1 Imaging of Aventura;

2.  Report and Special in the amount of $3,196.80, from Associates MD;

3.  Report and Special in the amount of $163,833.52, from Lake Worth Surgical Center;

4.  Report and Special in the amount of $1,745.00, from All Pro Orthopedics;

5.  Report and Special in the amount of $169,333.52, from Sherban Spine Institute, P.A.;

6.  Report and Special in the amount of $500.00, from Sierra Surgical;

7.  Report and Special in the amount of $12,825.00, from Singer Health Center;

8.  Surface Inspection Support;

To date, Ms. Williams Jones' medical bills are in the amount of: **$356,218.84.**

Considering the severity of Ms. Williams Jones' permanent injuries, tears and herniated discs, the requirement of major surgical intervention and her extensive pain and suffering, I am making a demand in the amount of your policy limits of $1,000,000.00.

I look forward to hearing from you within the time period allowed.

Very truly yours,

Stephanie Fenstersheib Lariosa, Esq.

Fenstersheib Law Group, P.A.

Enclosure

4

07/02/2020